UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:26-cv-2931

BAHIA VISTA GULF OF VENICE, INC., §
§
*Plaintiff,* §
§
vs. §
§
WRIGHT NATIONAL FLOOD INSURANCE COMPANY, §
§
*Defendant.* §

Jury Trial

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, **BAHIA VISTA GULF OF VENICE, INC.,** (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and hereby file this original petition against Defendant, **WRIGHT NATIONAL FLOOD INSURANCE COMPANY,** (hereinafter referred to as "Defendant"), and as grounds therefore state as follows:

**I. Parties, Jurisdiction and Venue**

1. Plaintiff, **BAHIA VISTA GULF OF VENICE, INC.**, is a Florida domestic profit corporation, who is the named insured for the subject property located 1555 Tarpon Center Drive, Building G, Venice, FL 34285, (the "Property"), under its residential condominium building insurance policy with Defendant.

2. Defendant, **WRIGHT NATIONAL FLOOD INSURANCE COMPANY**, a foreign profit corporation, is an insurance company doing business in Florida.

3. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action as Plaintiff seeks monetary relief of $75,000 or more, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, and the partiers are diverse citizens.

4. The venue of this case is proper in the Middle District of Florida, Tampa Division. Pursuant to 28 U.S.C. Code § 1391, because the Middle District of Florida is where all or substantial part of the events or omissions giving rise to the claim occurred and is the district where the property at issue is located.

## II. Request for Disclosures

5. Defendant is requested to disclose the information or material described in Rule 26 of the Federal Rules of Civil Procedures.

## III. Agency and Respondent Superior

6. Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees or representatives.

## IV. Conditions Precedent

7. All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met or were waived by Defendant.

## V. Facts of the Case

8. At all times material, Plaintiff's Property was covered and insured for covered losses by Policy Number 09 1150322051 14 issued by Defendant (the "Policy"). A copy of the Policy is attached hereto as Exhibit "1".

9. Plaintiff has paid all premiums on the Policy, and the Policy was in full force and in effect at all relevant times herein.

10. On or about September 26, 2024, Plaintiff suffered damage to the Property, including but not limited to flood damage.

11. Defendant assigned Claim number 247299.

12. The damage to the Property was caused by a covered peril under the Policy.

13. The damage to Plaintiff's Property is accidental, continuing in nature, and covered under the Policy.

14. Plaintiff duly made an application for insurance benefits under the Policy, but Defendant has failed and refused to admit coverage and pay Plaintiff the benefits to which they are entitled for the loss.

## VI. Cause of Action for Breach of Contract

15. Plaintiff hereby incorporates by reference paragraphs 1 through 14, as though fully set forth herein.

16. Plaintiff and Defendant are parties to a valid and binding contract under which Defendant is required to provide insurance benefits to Plaintiff in the event of a covered loss to Plaintiff's Property.

17. Plaintiff has suffered a covered loss to the Property.

18. Defendant has breached the Policy by failing to acknowledge the covered loss and failing to pay Plaintiff all of the benefits due and owing under the Policy.

19. Plaintiff has been damaged by Defendant's breach of contract.

20. Plaintiff is entitled to damages, including but not limited to, the full cost of remediation and repair of the Property.

## VI. Damages

21. Plaintiff is entitled to compensation for the loss to the Property. Plaintiff seeks the following damages: (a) the full cost for remediation and repair of the Property; (b) damages including court costs, expert fees and costs, and pre-judgment interest; and (c) additional policy benefits for contents, loss of use, emergency repairs, debris removal, and/or any other benefit available under the policy.

**WHEREFORE**, the Plaintiff, **BAHIA VISTA GULF OF VENICE, INC.**, demands a trial by jury and also demands judgment against Defendant/Insurer, **WRIGHT NATIONAL FLOOD INSURANCE COMPANY**, a foreign profit corporation, for:

A. All damages to which Plaintiff is entitled, including all benefits available under the Policy of insurance;

B. Pre-judgment interest;

C. Court costs, expert fees, and;

D. Any such other and further relief that this Court deems just and reasonable.

**DATED this 24th day of September 2026.**

Respectfully submitted,

**PAYNE LAW, PLLC**
Attorneys for Plaintiff
2200 N Park Avenue
Winter Park, FL 32789
Telephone: (407) 915-5447
Facsimile: (407) 598-5447
mark@thepaynelaw.com
nicolemarie@thepaynelaw.com

BY: /s/ Mark G. Kahley
MARK G. KAHLEY, ESQ.
Florida Bar No.: 48412